All right, next case on the docket is People of the State of Illinois v. DeMarlo's Rush, No. 5-10-83. And Mr. Burke, you're first up, I think. May it please the Court, I'm Robert Burke, the Office of the State Health Defender. I'm representing DeMarlo's Rush. I request the Court to send the case back to the Circuit Court with directions to vacate his adult court criminal conviction and sentence, and have a disposition in juvenile court that he served until his majority age. This crime was submitted in 1990, and I think that having this adult conviction changes where he is on federal sentencing guidance. And that's why it matters, Mr. Rush. A very brief anecdote to illustrate the point. My great-uncle Sherd, when he was a child, around 1900, threw off box tops or something, and got a child's .22 rifle that shot 22 short bullets. It was something that could kill a squirrel. Before he died in the late 60s, he gave it to my little brother, and then from there it ended up in the weeds near our house. I don't know how long it was there, but when we finally found it again, the stock was kind of rotted, the barrel and the firing mechanism were rusted and rusted in mud. And then my little brother, as an adult, then had it cleaned up and restored and stocked on it, and now it's a gun again, or now it's a firing rifle again. So it was a firearm because it could fire bullets. Then it was a gun that was maybe a club because it could not fire bullets. And then it was a firearm again because it could fire bullets. There's no testimony at trial that Mr. Rush had a firearm. All the evidence was they had a gun, including from his co-defendants. Everybody said it was a gun. No one said that it was a firearm. The state did not instruct the jury, present a jury question as to whether or not it was a firearm. And there was no finding that it was a firearm. To get from juvenile court to adult court under the transfer statute, if they allege it was a firearm, he could be tried in adult court. But if they did not prove that it was a firearm, then he would be sentenced in juvenile court. That is why Mr. Rush has filed a motion to vacate, avoid judgment, from 1990 to 2009 or whatever, 19 years later. Or, well, I know actually it's 2004 or 2005. It took a number of years to get it through the trial court, his motion to vacate. Motion to vacate, avoid judgment, because it should not have been entered in the first place. The state moved to dismiss, saying that he has not cited a statute to vacate, avoid judgment. Therefore, the court doesn't have jurisdiction. I point out in the brief, the court always has jurisdiction to avoid judgment. This is in the manner of the ancient writ of error quorum non-judice, a judgment that was entered when there was no court, when there was no judgment, when there was no jurisdiction. Because there was no jurisdiction to enter that judgment, then the court never lost jurisdiction. The jurisdiction was always in the court. And so even though it was 15 years later, Mr. Rush could come in and ask that that avoid judgment be vacated. I believe that the court below erred in denying his motion. That should be reversed when we enter with corrections. Thank you, Your Honors. Thank you. Your Honors, again, my name is Timothy James. Here we have yet another issue that really comes down to jurisdiction. Fourteen years after the defendant was convicted, he filed a pro se document in the trial court entitled, Motion to Vacate Avoidant Judgment. Now, I would point this court specifically to the Illinois Supreme Court's directive to Flowers, which states, Although avoidant order may be attacked at any time, the issue of avoidance must be raised in the context of a proceeding that is properly pending in the courts. And that's what we have here. The well-established rule of law that avoidant judgment may be attacked at any time is a circumvention of the procedural bar of waiver, so that a defendant can raise the issue of avoidance without it being waived. But it is not a bar to circumvent jurisdiction. Jurisdiction still has a place within the trial court for a defendant to make proper motions. There's various ways in which a defendant can do that. Direct appeal, post-conviction, 214.01. Can't you bring a 214.01 attacking avoidant judgment at any time? Well, here, Your Honor, that is correct. But here, the defendant lacks any signs of any statutory provision, particularly 214.01, that states that. So the defendant does not invoke the only statute in which he could actually have jurisdiction. Now, as I mentioned in my brief, if this court were to say, well, the pro se document should be liberally construed as a 214.01, even then, the record is unclear whether the defendant was actually served a statement in compliance with Illinois Supreme Court Rules 105 and 106. So because the defendant did not actually comply with the Illinois Supreme Court rules, even then, if his motion was seen as a 214.01 petition, it would still not meet the criteria adequate for this court to review the substantive merits of his claims. In the underlying case, when the jury rendered a verdict, what did the verdict form say he was convicted of? Dangerous robbery. It said armed robbery with a dangerous weapon. Armed robbery with a firearm. Armed robbery with a firearm. The verdict said that. Yes. We find the defendant guilty of armed robbery with a firearm. With a firearm, yes. Okay. And this is for inflating the verdict. I don't have the right information. But the issues instruction, I guess, used the phrase dangerous robbery. Dangerous robbery, yes. And so that's where the whole issue comes down to is that we have a particular instance where the jury actually didn't know whether or not the firearm or the gun constituted as a firearm, at least to the statutory definition. As the state would concede, there is no evidence that the gun actually projected bullets. Was there anything in the record indicating any other kind of dangerous weapon, a club, a knife, or anything like that? No. As I mentioned in the brief on various pages, 7, 8, 19, 20, 26, 30, 34, 35, all of these indicate that the only instance of any weapon was the gun. And so our argument is that jurors don't leave their common sense at the door. Surely, since the jurors understood that this was a robbery where the defendant had a gun and placed it to the victim's temple and said, give me your jacket, that's him using a gun there. And the jury certainly was able to look at that and use its common sense to say that that was a firearm. Now, Your Honors, I point this court to two particular cases, which I urge this court to consider, the Burke and Fitzgerald case. In Fitzgerald, there was a 16-year-old defendant who argued that he was improperly transferred and tried as an adult. In the criminal court, while his complaint for murder and examination charged him with armed robbery with a firearm, the indictment only charged him with armed robbery with a dangerous weapon. Now, the Fitzgerald court rejected the defendant's argument that this was improper by holding the charges read as a whole properly apprise the defendant that he was going to be tried in adult criminal court. And we have the same thing here. The defendant knew he was going to be charged and tried of armed robbery with a firearm. That's what happened. That's what the jury considered. And that's what he was convicted of. So because of that, we have precedent that would substantiate the substantive issue if this court was to arrive. Again, though, however, I urge this court to consider the jurisdictional issue. Far too often, defendants state that there's a void judgment, as though they're magic words that somehow create a vortex in which appellate courts can now consider any and all issues that they throw at the appellate court. But there are laws. There are rules that defendants must follow. And the court lacked jurisdiction to rule upon it. And this court does not and should not review the merits of the verdict. Does this court have any questions for me? Thank you, Steve. Thank you, Burke. Everybody? I believe the verdict form is found in the record of page RC8-4. I believe that that just says guilty of robbery. It doesn't say anything about a firearm. I'm sorry, I can't hear. RC8-4. It says guilty of armed robbery? It may say armed robbery. Maybe it just says robbery. But even if it says armed robbery, it doesn't say a firearm. If it just says robbery, we've gone down another step, you know? We're not armed with anything at that point. And I didn't attach it to my brief. It may say armed robbery. But even armed robbery could be committed with any kind of weapon, even a club like my uncle's shirt's gun. Mr. Opposing Counsel mentioned a couple of cases. Flowers, which I addressed fairly early in my reply brief, is where somebody raised a completely new issue on appeal. And the Flowers case is procedurally complicated, but I think that I cut loose more ass. Raised a completely new issue on appeal about whether or not a herd, Department of Corrections, commissary accounts could be garnished, something like that. And that's why they say, hey, we don't have jurisdiction here. That question's never been raised before. You have to raise it in a way that there's jurisdiction. Well, Mr. Rush did raise it in a way there was jurisdiction. He raised it in the circuit court. This is not something that we're swinging on the court in the middle of an appeal. That's what this appeal's about. He filed it in the circuit court. There is jurisdiction. The other case was Fitzgerald. I think Fitzgerald is the one. Fitzgerald said there was no proof that that was a firearm. Well, no. When the guy, when you shot the guy, it set his hair on fire. That was a firearm. That was not just a cloth. And so Fitzgerald is easily distinguished. Your Honor, are there any questions? I believe so.  Thanks to both of you for your briefs and your arguments. We'll take this matter under advisement and issue a decision in due course.